# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-32V
### Filed: October 7, 2025

---

BRUCE ROBINSON,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Master Horner

---

*David John Carney, Green & Schafle, LLC, Philadelphia, PA, for petitioner.*
*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 4, 2021, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012),[2] alleging that he sustained a left shoulder injury as the result of his January 23, 2019 tetanus vaccination. (ECF No. 1.) On August 19, 2024, the undersigned issued a decision concluding that petitioner was not entitled to compensation for his injuries. (ECF No. 42.) Petitioner filed a motion for final attorneys' fees and costs on January 21, 2025. (ECF No. 46.) Petitioner requests a total of $83,823.23 in attorneys' fees and costs, including $66,857.00 in attorneys' fees and $16,966.23 in costs. (*Id.* at 3.)

In response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." (ECF No. 47, p. 1.) Respondent defers to the court to determine whether the statutory requirements for an award of attorneys' fees and costs

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

are satisfied in this case. (*Id.* at 2.) Respondent requests that the court exercise discretion and determine a reasonable award for attorneys' fees and costs. (*Id.* at 4.) Petitioner filed a reply further supporting his request. (ECF No. 92.)

**I.    Attorneys' Fees**

The Vaccine Act permits an award of reasonable attorneys' fees and costs, § 300aa-15(e), and the Federal Circuit has approved the lodestar approach to determine what constitutes a reasonable award. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").

Special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests[,] . . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). However, "[t]he failure of respondent to identify with particularity any objection to a request for attorneys' fees and costs may be taken into consideration by the special master in the decision." Vaccine Rule 13(a)(3).

A.   Hourly Rates

Petitioner requests the following rates of compensation for his attorneys at Green & Schafle: for David J. Carney, $350.00 per hour for work completed in 2020, $375.00 per hour for work completed in 2021, $400.00 per hour for work completed in 2022, $425.00 per hour for work completed in 2023, $450.00 per hour for work completed in 2024, and $475.00 per hour for work completed in 2025; and for Adam M. Green, $425.00 per hour for work completed in 2022 and 2023. (ECF No. 46, pp. 14-31.) For paralegal work, petitioner seeks $145.00 per hour for work completed in 2020 through 2022, and $175.00 per hour for work completed in 2023 and 2024. (*Id.*) Additionally, petitioner requests a rate of $157.50 per hour for work completed by a law clerk. (*Id.* at 31.)

The requested rates are consistent with what Green & Schafle has previously been awarded for their work in the Vaccine Program and the undersigned finds them to

be reasonable herein. *E.g.*, *Ray v. Sec'y of Health & Human Servs.*, No. 20-321V, 2025 WL 2780387, at *3 (Fed. Cl. Spec. Mstr. Sept. 5, 2025); *Valdez v. Sec'y of Health & Human Servs.*, No. 21-0394V, 2024 WL 1854875, at *2 (Fed. Cl. Spec. Mstr. Mar. 29, 2024); *Smith v. Sec'y of Health & Human Servs.*, No. 21-0409V, 2024 WL 1912580, at *2 (Fed. Cl. Spec. Mstr. Mar. 29, 2024).

B. Reduction in Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include hours that are "excessive, redundant, or otherwise unnecessary" in their fee applications. *Saxton*, 3 F.3d at 1521. In reducing an award of fees, the essential goal is to achieve "rough justice." *Florence v. Sec'y of Health & Human Servs.*, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016). Therefore, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allotting an attorney's time." *Id.* (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

After reviewing the submitted billing records, the undersigned finds that the overall number of hours billed appears to be largely reasonable. (ECF No. 46, pp. 14-31.) However, a small reduction in the requested fees is necessary. Mr. Carney and the paralegal billed for administrative tasks, such as document filing, preparing documents for filing, and downloading and saving documents, which are not compensable in this program.[3] *See, e.g.*, *Paul v. Sec'y of Health & Human Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *see also Rochester v. United States*, 18 Cl. Ct. 379, 287 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). Prior fee awards for Mr. Carney have been reduced for engaging in such practice. *E.g.*, *LaBine v. Sec'y of Health & Human Servs.*, No. 17-1443V, 2025 WL 2093352, at *4 (Fed. Cl. Spec. Mstr. June 30, 2025) (reducing Mr. Carney's fees by 10% for billing for non-compensable administrative tasks, including filing, saving, and downloading documents); *Ray*, 2025 WL 2780387, at *3-4 (reducing Mr. Carney's fee award in part due to billing for

---

[3] For example, a non-exhaustive list of these entries includes: "received records, downloaded, audited for accuracy, and saved to file the records from: THOMAS JEFFERSON UNIVERSITY HOSPITAL (NEZARIAN/MED)" on May 28, 2020; "received records, downloaded, audited for accuracy, and saved to the file the records from: PHYSICIANS CARE SURGICAL HOSPITAL (WILLIAMS)" on May 28, 2020; "received records, downloaded, audited for accuracy, and saved to file the records from: RADNOR MEDICAL ASSOCIATES (PACROPIS)" on July 20, 2020; "received records, downloaded, audited for accuracy, and saved to file the records from: BRYN MAWR HOSPITAL (WILLIAMS) (MED)" on September 10, 2020; "Filed Petition, Exhibit list and Cover Sheet with the Court electronically" on December 30, 2020; "received records, downloaded, audited for accuracy, and saved to the file records from: ROTHMAN ORTHOPAEDICS (CICOTTI) (MED)" on February 9, 2021; "prepared and bates stamped exhibits 1-9; drafted NOF and filed exhibits" on February 26, 2021; "prepared and bates stamped exhibit 10; drafted NOF and filed exhibit" on February 7, 2022; "prepared expert report, literature and CV of Dr. Natanzi for filing; drafted NOF re Exhibit 11-13" on March 30, 2023; "received Respondent expert reports and literature; audited and saved to file" on July 7, 2023; and "prepared expert report, literature, and CV of Dr. Natanzi for filing; drafted NOF re Exhibit 14" on July 20, 2023. (ECF No. 46, pp. 14-31.)

administrative tasks). Accordingly, the undersigned finds that a 2% reduction to the requested attorneys' fees is reasonable and appropriate. This results in a reduced attorneys' fees award of $65,519.86.

## II. Attorney Costs

Petitioner requests an award of $16,966.23 in costs incurred by counsel, representing $15,000.00 in expert fees and $1,966.23 in expenses for obtaining medical records, the Court's filing fee, and mailing costs. (ECF No. 46, pp. 34-36.) Petitioner represents that he did not incur any personal costs in the litigation of this matter. (*Id.* at 60.)

### A. Expert Fees

Expert work in this program is also assessed using the lodestar method. *Avera*, 515 F.3d at 1347 (applying the lodestar approach to the Vaccine Act); *Chevalier v. Sec'y of Health & Human Servs.*, No. 15-001V, 2017 WL 490426, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017) (citing *Avera* and applying the lodestar calculation to both attorneys' fees and expert costs). Generally, expert hourly rates are based on a number of factors, many of which touch broadly on qualifications and on the market for the relevant expert services, but which also include "the nature, quality, and complexity of the information provided" by the expert, as well as "any other factor likely to be of assistance to the court in balancing the interests" at stake. *Aycock v. Sec'y of Health & Human Servs.*, No. 19-235, 2023 WL 8869423, at *7 (Fed. Cl. Spec. Mstr. Nov. 8, 2023) (citing *McClain v. Owens-Corning Fiberglass Corp.*, No. 89 C 6226, 1996 WL 650524, at *3 (N.D. Ill. Nov. 7, 1996)); *see also Wilcox v. Sec'y of Health & Human Servs.*, No. 90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997).

In this case, petitioner's expert, physical medicine and rehabilitation specialist Dr. Naveed Natanzi, submitted two expert reports. (Exs. P11, P14.) Petitioner requests $15,000.00 for 25 hours of work performed by Dr. Natanzi. (ECF No. 46, pp. 35-36, 56-57.) Dr. Natanzi billed petitioner at a rate of $600.00 per hour. (*Id.* at 56-57.) In his motion, petitioner argues that Dr. Natanzi's requested hourly rate was approved in *Peka v. Secretary of Health & Human Services*, No. 20-1099V, 2023 WL 9288151 (Fed. Cl. Spec. Mstr. Dec. 20, 2023).

While Dr. Natanzi was awarded a rate of $600.00 per hour in *Peka*, the Chief Special Master stated that "[a]lthough this rate is increased from 2022, I will in this case permit it." 2023 WL 9288151, at *4 n.8. That statement does not go as far as endorsing a rate increase for work performed by Dr. Natanzi in 2023 in other matters. Rather, the Chief Special Master's statement suggests that the requested rate increase was awarded based on the specifics of that given case. Additionally, in a decision subsequent to *Peka*, another special master denied Dr. Natanzi's request for an increased rate of $600.00 per hour for work completed in 2023. *Ginsberg v. Sec'y of Health & Human Servs.*, No. 19-222V, 2025 WL 2505773, at *5-6 (Fed. Cl. Spec. Mstr. Aug. 8, 2025). In *Ginsberg*, the special master noted that while Dr. Natanzi's testimony contributed to the petitioner's award of compensation, "his work was not of such

4

exceptional quality" to warrant a "premium increase" in his hourly rate. 2025 WL 2505772, at *5. Accordingly, the special master reduced Dr. Natanzi's hourly rate to $500 per hour. *Id.* at *6.

In this case, the work product produced by Dr. Natanzi does not merit an increased rate of $600.00 per hour. *See Durham v. Sec'y of Health & Human Servs.*, No. 17-1899V, 2024 WL 4369198 (Fed. Cl. Spec. Mstr. Sept. 6, 2024) (reducing an expert's hourly rate where his work was not sufficiently helpful to warrant his high hourly rate). As noted in my decision denying petitioner entitlement to compensation, Dr. Natanzi's opinion was not persuasive. *Robinson v. Sec'y of Health & Human Servs.*, No. 21-32V, 2024 WL 4200125 (Fed. Cl. Spec. Mstr. Aug. 19, 2024). Specifically, I criticized Dr. Natanzi for basing his opinion on a false assumption regarding onset and for not offering any medically appropriate timeframe from which to infer vaccine causation. *Id.* at *7-9. Though it is entirely possible that an increased hourly rate may be warranted in future cases, considering the shortcomings of Dr. Natanzi's opinion in this case, a high hourly rate of $600.00 per hour is not justified.

In prior decisions, the undersigned and other special masters have found an hourly rate of $520.00 to be reasonable and appropriate for Dr. Natanzi's work in the Vaccine Program. *E.g.*, *Morris v. Sec'y of Health & Human Servs.*, No. 19-1570V, 2025 WL 2442874, at *3 (Fed. Cl. Spec. Mstr. June 30, 2025); *Delio v. Sec'y of Health & Human Servs.*, No. 18-1001V, 2025 WL 1291593, at *10 (Fed. Cl. Spec. Mstr. Apr. 2, 2025); *Brennom v. Sec'y of Health & Human Servs.*, No. 21-0051V, 2025 WL 1144780, at *4 (Fed. Cl. Spec. Mstr. Mar. 19, 2025). Accordingly, the undersigned finds a rate of $520.00 per hour to be appropriate and reasonable for the work Dr. Natanzi completed in this case. This results in a reduction of $2,000.00, from $15,000.00 to $13,000.00.

After reviewing Dr. Natanzi's invoices submitted in this case, the undersigned concludes that the total number of hours billed by Dr. Natanzi to be reasonable and appropriate given the tasks he performed. In light of the above, petitioner is awarded Dr. Natanzi's expert fees in the reduced amount of $13,000.00.

## B. Other Costs

I have reviewed the remainder of the costs requested and find that the majority are reasonable and sufficiently documented. (*See* ECF No. 46, pp. 37-58.) However, petitioner's cost invoice includes a June 6, 2023 entry for postage. (*Id.* at 36.) While the invoice lists Dr. Natanzi's business address in the description (*Id.*), petitioner did not otherwise provide any documentation of this expense. As a result, I will deduct $7.60 from the costs awarded.

Accordingly, the undersigned awards petitioner costs in the reduced amount of $14,958.63.

### III.    Conclusion

**Accordingly, petitioner is awarded attorneys' fees and costs in the total of $80,478.49, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[4]


**IT IS SO ORDERED.**

**s/Daniel Horner**
Daniel Horner
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.